

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Case No. 2:21-cr-88 |
| ADAM DONLEY GREENBERG, a/k/a Adam Brandon, | |
| *Defendant.* | |

## STATEMENT OF FACTS

The United States and the defendant, Adam Donley Greenberg (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. From in or about June 2020 and continuing thereafter until in or about January 2021, in the Eastern District of Virginia and elsewhere, the defendant did knowingly and intentionally combine, conspire, confederate, and agree with Michael Wade Kozak (hereinafter "Kozak") as well as with other persons, both known and unknown, to knowingly and intentionally distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, all Schedule II controlled substances, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(C).

2. During the conspiracy, the defendant obtained methamphetamine for redistribution in the Eastern District of Virginia from Kozak who resided in the Atlanta, Georgia area. Kozak used FedEx to ship parcels containing methamphetamine from Georgia to the defendant, as well as unindicted coconspirator #3[1] (UCC#3), in the Eastern District of Virginia. The defendant received

---

[1] Unindicted coconspirators #1 and #2 are referenced in co-defendant Michael Wade Kozak's

methamphetamine parcels from Kozak at the following locations in Norfolk: an apartment on West Princess Anne Road, a house on West 47th Street, and an apartment on Granby Street. Several of the methamphetamine parcels the defendant received at the house on West 47th Street were addressed to "Adam Brandon," an alias used by the defendant. The defendant distributed the methamphetamine he received from Kozak in the Eastern District of Virginia, including to UCC#3. Kozak charged the defendant approximately $3,300 for six ounces of methamphetamine. The defendant used Cash App and other means to transfer funds to Kozak in payment for methamphetamine. During the conspiracy, the defendant transferred a total of approximately $44,180 to Kozak, in payment for methamphetamine and other drug-related expenses including shipping costs, through approximately 33 separate Cash App transactions. The defendant and Kozak communicated through Facebook Messenger to arrange drug shipments and drug payments.

3. On or about November 11, 2020, the defendant received a methamphetamine parcel through FedEx from Kozak at an apartment on Granby Street in Norfolk. On or about November 14, 2020, narcotics detectives with the Chesapeake Police Department located the defendant among several individuals in room 616 at a hotel on East Plume Street in Norfolk and took him into custody on an outstanding warrant. The detectives determined that room 616 was rented in the name of a known associate of the defendant. Following the defendant's arrest, the detectives secured room 616 and obtained a search warrant. During the search of the room, the police discovered a large quantity of methamphetamine hidden behind a wall painting. Following his release from jail, the defendant advised Kozak about the police raid of the hotel room, his arrest, and the drug seizure.

4. On or about January 19, 2021, following the controlled delivery of a FedEx parcel containing methamphetamine to UCC#3 at the apartment on Granby Street in Norfolk, the police

---

statement of facts. *See* ECF No. 35.

took UCC#3 into custody. Following his/her arrest, UCC#3 agreed to cooperate with the police. UCC#3 advised that, around June 2020, Kozak began shipping methamphetamine from Georgia through FedEx to UCC#3 in Norfolk for redistribution. At UCC#3's invitation, the defendant began investing in UCC#3's drug procurement activities. Eventually, UCC#3 learned that the defendant was procuring methamphetamine from Kozak independently from UCC#3. In approximately October 2020, UCC#3 began purchasing methamphetamine from the defendant. The methamphetamine the defendant distributed to UCC#3 was supplied by Kozak.

5. In approximately November 2020, the defendant advised UCC#3 that he (the defendant) had been arrested at a hotel in Norfolk and that, during the same incident, the police had seized a large quantity of methamphetamine from a hotel room[2]. The defendant advised UCC#3 that the police had not located all of the methamphetamine that the defendant had concealed in the hotel room. The defendant subsequently sold UCC#3 a one (1) ounce quantity of methamphetamine that, according to the defendant, the police had failed to locate during the search of the hotel room. UCC#3 advised that the defendant used an apartment on Granby Street in Norfolk to receive methamphetamine parcels through FedEx from Kozak. Approximately three days before his/her arrest, UCC#3 retrieved a FedEx parcel sent by Kozak from the Granby Street apartment[3]. UCC#3 delivered the parcel to the defendant. Next, the defendant opened the parcel and weighed its contents. UCC#3 advised that the parcel contained approximately nine (9) ounces (255.15 grams) of methamphetamine.

6. Norfolk is in the Eastern District of Virginia.

7. This statement of facts includes those facts necessary to support the plea agreement

---

[2] The defendant was referring to the November 14, 2020 incident described in paragraph 3.
[3] FedEx records confirm that on or about January 15, 2021, Kozak sent a FedEx parcel to the apartment on Granby Street in Norfolk.

3

between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

8. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: 6/25/24       By: _____
                         Darryl J. Mitchell
                         Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, ADAM DONLEY GREENBERG, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
ADAM DONLEY GREENBERG

I am Lawrence Hunter Woodward Jr., defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Lawrence Hunter Woodward Jr., Esq.
Attorney for ADAM DONLEY GREENBERG

4